IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY A. DAVIS, | ) | CIV. NO. 14-00483 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART DEFENDANT |
| | ) | UNIVERSITY OF HAWAII'S |
| KHNL/KGMB, LLC, ET AL., | ) | MOTION FOR ATTORNEYS' FEES |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
DEFENDANT UNIVERSITY OF HAWAII'S
MOTION FOR ATTORNEYS' FEES**

Before the Court is Defendant University of Hawaii's Motion for Attorneys' Fees, filed June 26, 2015.  (Doc. 30.)  Defendant University of Hawaii (hereinafter "UH") seeks an award of attorneys' fees as the prevailing party in the amount of $6,682.50, plus general excise tax of $314.88, for a total award of $6,997.38.  (Doc. 30-1 at 1-2.)  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.   After careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court finds that an award of attorneys' fees to UH is warranted in this case.   Therefore,

the Court recommends that UH's Motion for Attorneys' Fees and Costs be GRANTED IN PART.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case; therefore, the Court will only address herein the background that is relevant to the instant Motion.

On October 15, 2014, KHNL/KGMB, LLC and Oahu Publications, Inc. held a televised gubernatorial debate at a conference room located at the University of Hawaii Cancer Center. (Complaint ¶ 14.) The three leading gubernatorial candidates were invited to participate in the debate. (Complaint ¶ 15; Doc. 27 at 5.) Plaintiff Jeffrey A. Davis (hereinafter "Davis" or "Plaintiff"), the Libertarian Party's gubernatorial candidate who ultimately received 1.7 % of the vote, was not invited to participate in the debate. (Complaint ¶¶ 13, 16; Doc. 27 at 5.)

Davis and his supporters went to the debate to carry signs and "to exercise their free speech rights in a civil and non-disruptive manner." (Complaint ¶¶ 17, 41.) Davis maintained that he did not intend to go inside the debate, but only went there to hold signs outside the glass windows to the conference center in which the debate was being held. (Doc. 27 at 6.) Davis further maintains that when he and his supporters arrived at the debate, they were met by a plain-clothed security

guard hired by KHNL/KGMB at the edge of the property who was holding a picture of Davis.  (Complaint ¶¶ 18-19.)  The private security guard allegedly allowed Davis' supporters to walk towards the conference room in which the debate was being held, but told Davis that Davis himself could not come onto the property and would be arrested if he did.  (Complaint ¶¶ 19-20; Doc. 27 at 6.)  Davis says he told the guard, "Call the cops and have me arrested then," and proceeded to walk past the guard toward the debate.  (Complaint ¶¶ 21, 25.)  The private security guard then allegedly said into his walkie-talkie, "He's here, call the cops." (Complaint ¶ 26.)  According to Davis, the private security guard then stepped in front of Davis and told Davis that if he crossed a certain line in the sidewalk, he would be arrested.  (Complaint ¶ 28.)  Davis nevertheless stepped over the line and the private security guard allegedly put his hand on Davis' chest.  (Complaint ¶ 30.) Davis then walked forward past the private security guard and was met by three or four UH security guards who were standing behind the initial plain-clothed security guard.  (Complaint ¶¶ 30, 31.)  Davis maintains that the UH security guards approached him "in an intimidating manner."  (Complaint ¶ 32.)  Davis does not provide any further facts with regard to the UH security guards' actions, but states that he sat down on a bench outside the debate, where he was thereafter approached by the KHNL/KGMB, LLC program director.  (Complaint ¶¶ 35, 37.)

On October 23, 2014, Davis filed a Complaint in this Court against Defendants UH; KHNL/KGMB, LLC; Raycom Media, Inc.; and Oahu Publications, Inc. (Doc. 1.) Davis alleges that his free speech rights were interfered with in violation of the First Amendment and state law when a private security guard attempted to prevent him from coming onto the property, threatened Davis with arrest if he did, and placed a hand on Davis' chest. (See generally, Doc. 1.) Davis further alleged causes of action for conspiracy, and negligent and intentional infliction of emotional distress. (Doc. 1 at 10-12.)

On March 11, 2015, Defendants KHNL/KGMB LLC, and Raycom Media, Inc. filed a Motion to Dismiss Davis' Complaint. (Doc. 13.) That same day, Defendant UH also filed a Motion to Dismiss. (Doc. 14.) UH argued, in relevant part, that Plaintiff's § 1983 claim is barred as against the University, and that Plaintiff's remaining causes of action are precluded by the Eleventh Amendment. (Doc. 14-1 at 5.) On April 20, 2015, Plaintiff filed a Statement of No Position regarding UH's Motion to Dismiss, and requested that the Court dismiss UH without prejudice. (Doc. 20 at 2.) On April 27, 2015, UH filed a Reply reiterating that none of Plaintiff's claims, as pled, have any merit as against UH, and argued that dismissal with prejudice is appropriate. (Doc. 22 at 3.)

On May 6, 2015, the Court issued an Entering Order granting UH's

Motion to Dismiss as unopposed.  (Doc. 23.)   The Court dismissed Plaintiff's § 1983 claim with prejudice, finding that the University is not a "person" for purposes of § 1983.  (Id.)   The Court further held that UH has Eleventh Amendment immunity with respect to the remaining state-law claims, and therefore, dismissed those claims without prejudice.  (Id.)   The Court subsequently dismissed Plaintiff's § 1983 and conspiracy to violate § 1983 claims, as alleged against Defendants KHNL/KGMB, LLC and Raycom Media, Inc., and declined to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims against these defendants.  (See generally, Doc. 27.)   The Court granted Plaintiff leave to file a motion seeking leave to file an Amended Complaint (see Doc. 27 at 20); however, Plaintiff failed to do so.  On June 15, 2015, the Clerk entered Judgment in favor of Defendants.   (Doc. 28.)

On June 26, 2015, UH filed the Motion for Attorneys' Fees currently pending before this Court.   (Doc. 30.)   UH seeks an award of attorneys' fees in the amount of $6,682.50, plus general excise tax of $314.88, for a total award of $6,997.38, as the prevailing party in this case.  (Doc. 30-1 at 1-2.)   UH argues that it is entitled to fees pursuant to 42 U.S.C. § 1988(b) because Plaintiff's claims with respect to UH were "unreasonable, frivolous, meritless, and/or vexatious[.]"   (Doc. 30-1 at 4.)

On July 23, 2015, Plaintiff filed a Memorandum in Opposition to UH's Motion for Attorneys' Fees, and requests that the Court deny the Motion because (1) UH is not entitled to fees under the law; (2) Plaintiff brought his Complaint in good faith and based upon the applicable case law and a non-frivolous argument for extending existing law; and (3) it would be unjust to require a man of humble means to pay attorneys' fees to "the comparatively very wealthy UH." (Doc. 33 at 2.) On August 5, 2015, UH filed its Reply. (Doc. 34.) For the reasons discussed below, the Court hereby GRANTS IN PART Defendant University of Hawaii's Motion for Attorneys' Fees.

## DISCUSSION

In its Motion for Attorney's Fees, UH contends that, as the prevailing party in this matter, it is entitled to fees it incurred defending against Plaintiff's "unreasonable, frivolous, meritless, and/or vexatious" claims. (Doc. 30-1 at 4.) UH seeks attorneys' fees and costs for its Counsel John-Anderson L. Meyer at a rate of $225 per hour for a total of 26.2 hours. (See Doc. 30-3 at 2.) UH further seeks an award of attorneys' fees and costs for its paralegal at the hourly rate of $125 per hour for a total of 6.3 hours. (Id.) This amounts to a total award of $6,997.38. (Doc. 30-2 at 2; Doc. 30-3 at 1.)

## I.      Entitlement to Attorneys' Fees

42 U.S.C. § 1988(b) permits the Court to award reasonable attorneys' fees to the "prevailing party" in certain civil rights actions, including those brought under 42 U.S.C. § 1983.  See 42 U.S.C. § 1988(b).   A prevailing defendant in an action under 42 U.S.C. § 1983 "may recover attorneys' fees when a § 1983 plaintiff's claims are groundless, without foundation, frivolous, or unreasonable." Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 852 (9th Cir. 2007) (internal quotation marks and citation omitted); see also Hughes v. Rowe, 449 U.S. 5, 14 (1980) (holding that the standard for an award of attorneys' fees to a prevailing defendant in Title VII cases equally applies to § 1983 cases) (citing Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412 (1978)).  Further,

> [t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation.   The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.

Hughes, 449 U.S. at 14.  Generally, "[a]ttorneys' fees should only be awarded a defendant in exceptional circumstances."   See Bane v. Sailors' Union of the Pac., Civ. No. 05-00577 JMS-BMK, 2008 WL 2598155 at *1 (July 1, 2008) (quoting Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999)) (brackets and ellipsis omitted).  "Congress intended to protect defendants from litigation having *no* legal

or factual basis," <u>Mitchell v. Office of Los Angeles Cnty. Superintendent of Schools</u>, 805 F.2d 844, 847 (9th Cir. 1986) (internal quotation marks and citation omitted; emphasis in original), and accordingly, courts are permitted to award attorneys' fees to prevailing defendants only for "exceptionally unwarranted claims."  <u>Harris v. Maricopa Cnty. Superior Court</u>, 631 F.3d 963, 973 (internal quotation marks and brackets omitted).   For example, the Ninth Circuit has affirmed an award of attorneys' fees where the ultimate ruling in the defendant's favor was "obvious" and the claim was "wholly without merit."  <u>See</u> <u>Alaska Right to Life</u>, 504 F.3d at 852 (citations and quotation marks omitted).   The Ninth Circuit has also affirmed the award where the complaint "patently failed to state a claim" and lacked any factual basis.  <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 709 (9th Cir. 1991).

    The Court finds that this case is the exception to the general policy against awarding prevailing defendants' attorneys' fees in civil rights cases.   Apart from Plaintiff's allegation that the UH security guards approached him "in an intimidating manner," (Complaint ¶ 32), Plaintiff fails to provide any factual basis in support of his First Amendment claim against UH.   As stated in the Court's Order Dismissing Complaint, Chief Judge Susan Oki Mollway found that Plaintiff failed to support his legal conclusion that the Defendants "acted in concert to prevent him

from entering the debate," and instead, the Court found that "[a]t most, Davis alleges that the private security guard and each of the University of Hawaii security guards had Davis's picture." (Doc. 27 at 12.) The Court determined that without more, Davis fails to allege facts to support his § 1983 claim. (Id.) With specific regard to the UH security guards, Judge Mollway further noted that the Complaint says only that the UH guards looked "intimidating" standing behind the private security guard, and based on these facts, the Court found that

> At most, the University of Hawaii guards may have blocked Davis's progress by standing in his way. But no facts are alleged indicating that the guards intended to chill or deter Davis's speech or that the guards even knew what Davis intended to do on the property.

(Doc. 27 at 13-14.) The Court held that, based on the facts alleged by Plaintiff, it "cannot infer any intent to chill or deter protected speech from the University security guards' 'intimidating' appearance while holding a picture of Davis," and further, Plaintiff fails to establish facts indicating state action intended to interfere with his First Amendment rights to such a degree that a person of ordinary firmness would be chilled or silenced with respect to future First Amendment activities. (Doc. 27 at 16-17.) Based on Judge Mollway's Order Dismissing Complaint, this Court is hard-pressed to find any arguable basis in fact or law in support of Plaintiff's claims against UH. Moreover, Plaintiff failed to oppose UH's Motion to Dismiss, and therefore, Plaintiff failed to proffer any additional facts or legal support

to aid in the Court's analysis of Plaintiff's claims against UH.  Accordingly, the Court must find that Plaintiff's Complaint against UH "patently failed to state a claim" and lacked any factual basis.  Price, 939 F.2d at 709.  Therefore, UH, as the prevailing defendant in this matter, is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## II.    Calculation of Fees

Inasmuch as UH is entitled to an award of attorneys' fees, the Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Beyond establishing a reasonable hourly rate, "a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained."  U.S. v. Chung, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, at *3 (Dec. 17, 2010).  "A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable."  Id. (citation omitted).  A court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case, and time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  Id. (citations and internal quotation marks

omitted).   The Court now turns to the reasonableness of UH's requested hourly rate.

### A.    Reasonable Hourly Rate

Here, UH requests an hourly rate of $225 per hour plus Hawaii General Excise Tax for its Counsel John-Anderson L. Meyer ("Meyer"), and an hourly rate of $125.00 per hour for its paralegal Tiare Somers ("Somers").   (Doc. 30-2 at 3-4.) In support of his requested hourly rate, Meyer states that he has been admitted to practice before all courts in the State of Hawaii since 2006, and his hourly rate "is well within the range of reason for attorneys with similar experience in this community."   (Doc. 30-2 at 3.)   Meyers also attaches a chart as Exhibit "C" to his Declaration, which sets forth the range of hourly rates for partners and associates in Hawaii law firms.   (Doc. 30-5.)   The Court has reviewed Counsel's submissions, and finds that $225 per hour is a reasonable hourly rate for Meyer and comports with the prevailing community rates.   The Court, however, reduces the hourly rate of Somers, a paralegal with one year of experience, (see Doc. 30-1 at 11), from $125 to $85 in order to comport with the reasonable hourly rates of paralegals in this jurisdiction.   See Donkerbrook v. Title Guar. Escrow Servs., Inc., Civ. No. 10-0016 LEK-RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011).

### B.    Reasonableness of Hours Expended

Beyond establishing a reasonable hourly rate, a party seeking

attorneys' fees bears the burden of proving that the fees and costs sought are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona, 821 F. Supp. at 636.  This Court has carefully reviewed UH's itemization of fees, and finds that the fees sought are associated with the relief requested and were reasonably necessary to achieve the results obtained. See id.  The Court notes that Plaintiff did not object to any individual entry on UH's itemized list of work performed.  (See generally, Doc. 33.)  Instead, Plaintiff only generally objects to an award of any fees incurred after Plaintiff filed his Statement of No Position on April 20, 2015, because, Plaintiff argues, "UH had no need to file a reply or do any further work on this matter after it was voluntarily dismissed." (Doc. 33 at 15.)  The Court finds that work performed after Plaintiff filed his Statement of No Position, in which Plaintiff requested that the Court dismiss UH *without* prejudice, was indeed reasonably necessary to achieve UH's requested relief, which was dismissal *with* prejudice.   Therefore, based on this Court's review of UH's itemization of fees, and upon consideration of Plaintiff's objections thereto, the Court finds that Meyer's 26.2 hours of time and Somers' 6.3 hours of time were reasonably expended on the litigation.

    **C.**    **Total Attorneys' Fee Award**

        Based upon the "reasonable hourly rate" found by this Court,

multiplied by "the number of hours reasonably expended on the litigation," see Hensley, 461 U.S. at 433, this Court hereby RECOMMENDS that UH be awarded $6,430.50 in attorneys' fees, plus 303.01 in Hawaii General Excise Tax, for a total award of $6,733.51.

Although Plaintiff appears to argue that an award of attorneys' fees in this case would be manifestly unjust and would chill a plaintiff from bringing a civil rights case in the future, (Doc. 33 at 14), the Court finds that given the nature of the claims alleged in this case and the reasonable amount ultimately awarded as attorneys' fees to the prevailing defendant, the potential chilling effect upon civil rights plaintiffs, if any, would not be so great such as to justify denying UH of the protection against the prosecution of meritless claims it is entitled to receive. Accordingly, this Court FINDS that this case presents the "exceptional circumstances" under which attorneys' fees should be awarded to the prevailing Defendant UH, and therefore, RECOMMENDS that UH's Motion for Attorneys' Fees be GRANTED IN PART.

\\

\\

\\

\\

## **CONCLUSION**

Based on the foregoing, the Court finds and recommends that Defendant University of Hawaii's Motion for Attorneys' Fees be GRANTED IN PART, in the amount of $6,733.51.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 31, 2015.



　　　　　　　　　　　　　 /S/ Barry M. Kurren
　　　　　　　　　　　　Barry M. Kurren
　　　　　　　　　　　　United States Magistrate Judge

Davis v. KHNL/KGMB LLC, et al., Civ. No. 14-00483 SOM-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANT UNIVERSITY OF HAWAII'S MOTION FOR ATTORNEYS' FEES.